**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| MARCUS JOHNSON, individually, and as next friend of minor G.H.J., | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| KANKAKEE SCHOOL DISTRICT 111, TERRENCE C. LEE, SR., MS. SOGATO, MS. MATTHEWS, FIRST STUDENT, INC., and UNKNOWN BUS DRIVER, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT AT LAW

NOW COMES, the Plaintiff, MARCUS JOHNSON (hereinafter "PLAINTIFF"),

individually and as next friend of minor G.H.J., by and through his attorneys of The Blake

Horwitz Law Firm, Ltd., pursuant to this Complaint at Law against the above-named

Defendants, KANKAKEE SCHOOL DISTRICT 111, TERRENCE C. LEE, SR., MS. SOGATO,

MS. MATTHEWS, FIRST STUDENT, INC., and UNKNOWN BUS DRIVER, and states as

follows:

### I.    JURISDICTION

1.    The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42

U.S.C. § 1983; the Judicial Code, 28 U.S.C. § 1331 and §1343(a); the Constitution of the United

States; and this Court's supplementary jurisdiction powers.

1

## II.    PARTIES

2.    PLAINTIFF, MARCUS JOHNSON, is a resident of the State of Illinois and a citizen of the United States.

3.    PLAINTIFF, MARCUS JOHNSON, is the father and next friend of minor G.H.J.

4.    DEFENDANT, TERRENCE C. LEE, SR. ("DEFENDANT LEE"),was at all times material and relevant hereto the principal of William Howard Taft Primary School, and employed by and acting on behalf of DEFENDANT KANKAKEE SCHOOL DISTRICT 111.

5.    DEFENDANT, MS. SOGATO ("DEFENDANT SOGATO"), was at all times material and relevant hereto an administrative assistant to DEFENDANT LEE at William Howard Taft Primary School, and employed by and acting on behalf of DEFENDANT KANKAKEE SCHOOL DISTRICT 111.

6.    DEFENDANT, MS. MATTHEWS ("DEFENDANT MATTHEWS"), was at all times material and relevant hereto a teacher at William Howard Taft Primary School, and employed by and acting on behalf of DEFENDANT KANKAKEE SCHOOL DISTRICT 111.

7.    DEFENDANT, KANKAKEE SCHOOL DISTRICT 111 ("DEFENDANT DISTRICT 111"), is a duly incorporated municipal corporation.  At all times material and relevant hereto, DEFENDANT LEE, DEFENDANT SOGATO and DEFENDANT MATTHEWS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of DEFENDANT KANKAKEE SCHOOL DISTRICT 111.

8.    DEFENDANT, UNKNOWN BUS DRIVER, was at all times material and relevant hereto employed by and acting on behalf of DEFENDANT FIRST STUDENT, INC.

9.    DEFENDANT, FIRST STUDENT INC., is a transportation company with its principal place of business located in Cincinnati, Ohio.

2

### III.    FACTS

10.    On December 14, 2017, G.H.J. was a student at William Howard Taft Primary School ("Taft Primary School"), located at 1155 West Hawkins Street, Kankakee, Illinois 60901.

11.    Prior to December 14, 2017, DEFENDANT SOGATO knew that the PLAINTIFF had sole custody of G.H.J.

12.    Prior to December 14, 2017, DEFENDANT LEE knew that the PLAINTIFF had sole custody of G.H.J.

13.    Prior to December 14, 2017, DEFENDANT SOGATO knew that Chastity Williams did not have custody of G.H.J.

14.    Prior to December 14, 2017, DEFENDANT LEE knew that Chastity Williams did not have custody of G.H.J.

15.    Prior to December 14, 2017, DEFENDANT SOGATO knew that Chastity Williams could not have contact with G.H.J.

16.    Prior to December 14, 2017, DEFENDANT LEE knew that Chastity Williams could not have contact with G.H.J.

17.    Prior to December 14, 2017, DEFENDANT SOGATO knew that Chastity Williams was a dangerous individual.

18.    Prior to December 14, 2017, DEFENDANT LEE knew that Chastity Williams was a dangerous individual.

19.    Prior to December 14, 2017, DEFENDANT SOGATO knew that Chastity Williams posed a threat to the safety of G.H.J.

20.    Prior to December 14, 2017, DEFENDANT LEE knew that Chastity Williams posed a threat to the safety of G.H.J.

3

21.     Prior to December 14, 2017, the PLAINTIFF told DEFENDANT SOGATO that he was going to obtain an order of protection against Chastity Williams.

22.     Prior to December 14, 2017, the PLAINTIFF told DEFENDANT LEE that he was going to obtain an order of protection against Chastity Williams.

23.     On December 14, 2017, an order of protection was entered against Chastity Williams in the Twenty-First Judicial Court of Kankakee County.

24.     This order of protection prevented Chastity Williams from having contact with G.H.J.

25.     On December 14, 2017, the PLAINTIFF drove to Taft Primary School.

26.     On December 14, 2017, the PLAINTIFF spoke with DEFENDANT SOGATO in person.

27.     On December 14, 2017, the PLAINTIFF informed DEFENDANT SOGATO that an order of protection had been entered against Chastity Williams.

28.     On December 14, 2017, the PLAINTIFF personally gave DEFENDANT SOGATO a copy of the order of protection against Chastity Williams.

29.     On December 14, 2017, DEFENDANT SOGATO informed DEFENDANT LEE that an order of protection had been entered against Chastity Williams.

30.     On December 14, 2017, DEFENDANT SOGATO personally gave DEFENDANT LEE a copy of the order of protection against Chastity Williams.

31.     On December 14, 2017, Chastity Williams called Taft Primary School

32.     On December 14, 2017, Chastity Williams spoke with DEFENDANT LEE on the telephone.

4

33. On December 14, 2017, Chastity Williams told DEFENDANT LEE that she was driving to Taft Elementary School to pick up G.H.J.

34. On December 14, 2017, Chastity Williams took a knife and slashed the tires on the PLAINTIFF'S vehicle.

35. On December 14, 2017, Chastity Williams used a knife to cut holes in the tires on the PLAINTIFF'S vehicle.

36. After the PLAINTIFF discovered that his tires were slashed, the PLAINTIFF called DEFENDANT SOGATO on the telephone.

37. The PLAINTIFF spoke with DEFENDANT SOGATO on the telephone.

38. The PLAINTIFF told DEFENDANT SOGATO, "Do not allow G.H.J. on the bus today."

39. The PLAINTIFF told DEFENDANT SOGATO, "I will pick G.H.J. up myself."

40. The PLAINTIFF told DEFENDANT SOGATO, "Do not let G.H.J. out of your sight."

41. DEFENDANT SOGATO communicated the contents of her phone conversation with the PLAINTIFF to DEFENDANT LEE.

42. DEFENDANT SOGATO let G.H.J. go out of her sight.

43. DEFENDANT LEE let G.H.J. go out of his sight.

44. DEFENDANT SOGATO allowed G.H.J. to get on the school bus.

45. DEFENDANT LEE allowed G.H.J. to get on the school bus.

46. DEFENDANT SOGATO did not tell DEFENDANT MATTHEWS not to place G.H.J. on the school bus.

47. DEFENDANT LEE did not tell DEFENDANT MATTHEWS not to place G.H.J. on the school bus.

48. DEFENDANT MATTHEWS placed G.H.J. on the school bus.

49. The school bus onto which G.H.J. was placed was owned by DEFENDANT FIRST STUDENT, INC.

50. The school bus onto which G.H.J. was placed was operated by DEFENDANT UNKNOWN BUS DRIVER.

51. The school bus onto which G.H.J. was placed was known as "Bus #13".

52. According to DEFENDANT FIRST STUDENT, INC., and DEFENDANT DISTRICT 111 policy, every student has a regular, set bus stop.

53. According to DEFENDANT FIRST STUDENT, INC., and DEFENDANT DISTRICT 111 policy, a student may not be let off of the school bus unless they are taken off by a pre-approved individual.

54. According to DEFENDANT FIRST STUDENT, INC., and DEFENDANT DISTRICT 111 policy, an adult may not take a student off of the school bus unless they are on a pre-approved list and present photo identification to the bus driver.

55. On December 14, 2017, G.H.J. was taken off of the school bus by Chastity Williams.

56. Before December 14, 2017, Chastity Williams had never taken G.H.J. off of the school bus.

57. Chastity Williams was not pre-approved to take G.H.J. off of the school bus.

58. When Chastity Williams took G.H.J. off of the school bus, Chastity Williams did not present photo identification to DEFENDANT UNKNOWN BUS DRIVER.

6

59.     DEFENDANT UNKNOWN BUS DRIVER knew that Chastity Williams was not pre-approved to take G.H.J. off of the school bus.

60.     DEFENDANT UNKNOWN BUS DRIVER did not ask Chastity Williams to present photo identification.

61.     Despite knowing that Chastity Williams was not pre-approved to take G.H.J. off of the school bus, DEFENDANT UNKNOWN BUS DRIVER let Chastity Williams take G.H.J. off of the school bus.

62.     Despite not seeing Chastity Williams photo identification, DEFENDANT UNKNOWN BUS DRIVER let Chastity Williams take G.H.J. off of the school bus.

63.     DEFENDANT UNKNOWN BUS DRIVER allowed Chastity Williams to take G.H.J. off of the school bus.

64.     In allowing Chastity Williams to take G.H.J. off of the school bus, DEFENDANT UNKNOWN BUS DRIVER violated the policies of DEFENDANT FIRST STUDENT, INC., and DEFENDANT DISTRICT 111.

65.     After DEFENDANT UNKNOWN BUS DRIVER allowed Chastity Williams to take G.H.J. off of the school bus, Chastity Williams abducted G.H.J.

66.     Chastity Williams abducted G.H.J.

67.     Chastity Williams abducted G.H.J. in violation of a court order.

68.     Chastity Williams abducted G.H.J. and took G.H.J. across state lines.

69.     Chastity Williams abducted G.H.J. and took G.H.J. from Illinois to Indiana.

70.     Chastity Williams has previously had a minor die while in her custody.

71.     Chastity Williams posed a known threat to the physical safety and well-being of G.H.J.

7

72.	While G.H.J. was in the custody of Chastity Williams, G.H.J. was in danger of death or great bodily harm.

73.	After G.H.J. was abducted, PLAINTIFF spoke with DEFENDANT LEE.

74.	DEFENDANT LEE said to the PLAINTIFF, "We dropped the ball."

75.	DEFENDANT LEE said to the PLAINTIFF, "There was a lack of communication."

76.	DEFENDANT LEE said to the PLAINTIFF, "I'm so sorry."

77.	DEFENDANT LEE said to the PLAINTIFF, "Whatever I can do to make it up to you."

## COUNT I
### §1983 Deprivation of Due Process
### (DEFENDANT LEE, DEFENDANT SOGATO AND DEFENDANT MATTHEWS)

78.	PLAINTIFF restates and re-alleges paragraphs 1-77 as though fully set forth herein.

79.	DEFENDANT LEE, DEFENDANT SOGATO and DEFENDANT MATTHEWS, by their affirmative acts, created or increased a danger faced by minor G.H.J.

80.	DEFENDANT LEE, DEFENDANT SOGATO and DEFENDANT MATTHEWS acted with deliberate indifference by not attending to the known risk of abduction and danger which was communicated to them.

81.	The failure of DEFENDANT LEE, DEFENDANT SOGATO and DEFENDANT MATTHEWS to protect G.H.J. from such danger was the proximate cause of the injury to G.H.J.

82.	The actions of DEFENDANT LEE, DEFENDANT SOGATO and DEFENDANT MATTHEWS needlessly created a risk of harm to G.H.J., violating G.H.J.'s due process.

83.    G.H.J. was harmed as a result of the unconstitutional conduct of DEFENDANT LEE, DEFENDANT SOGATO and DEFENDANT MATTHEWS.

WHEREFORE, the PLAINTIFF demands judgment against DEFENDANT LEE, DEFENDANT SOGATO and DEFENDANT MATTHEWS, and such other additional relief as this Court deems equitable and just.

### COUNT II
### 745 ILCS 10/9-102 Claim
### (DEFENDANT KANKAKEE SCHOOL DISTRICT 111)

84.    PLAINTIFF restates and re-alleges paragraphs 1-83 as though fully set forth herein.

85.    DEFENDANT KANKAKEE SCHOOL DISTRICT 111 is the employer of DEFENDANT LEE, DEFENDANT SOGATO and DEFENDANT MATTHEWS alleged above.

86.    DEFENDANT LEE, DEFENDANT SOGATO and DEFENDANT MATTHEWS, as alleged above, committed the acts under color of law and in the scope of employment of DEFENDANT KANKAKEE SCHOOL DISTRICT 111.

WHEREFORE, should DEFENDANT LEE, DEFENDANT SOGATO and/or DEFENDANT MATTHEWS be found liable for any of the alleged counts in this case, the PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, DEFENDANT KANKAKEE SCHOOL DISTRICT 111 pay the PLAINTIFF any judgment obtained against DEFENDANT LEE, DEFENDANT SOGATO and/or DEFENDANT MATTHEWS as a result of this Complaint.

## COUNT III
### State Law Willful and Wanton Conduct
**(DEFENDANT UNKNOWN BUS DRIVER)**

87.     PLAINTIFF restates and re-alleges paragraphs 1-77 as though fully set forth herein.

88.     DEFENDANT UNKNOWN BUS DRIVER had a duty to refrain from engaging in willful and wanton conduct.

89.     DEFENDANT UNKNOWN BUS DRIVER committed willful and wanton conduct when he allowed Chastity Williams to take G.H.J. off of the school bus.

90.     The acts and/or omissions of DEFENDANT UNKNOWN BUS DRIVER proximately caused the injuries sustained by the PLAINTIFF and G.H.J., and they suffered damages.

WHEREFORE, the PLAINTIFF demands judgment against DEFENDANT UNKNOWN BUS DRIVER, and such other additional relief as this Court deems equitable and just.

## COUNT IV
### State Law Negligence
**(DEFENDANT UNKNOWN BUS DRIVER)**

91.     PLAINTIFF restates and re-alleges paragraphs 1-77 as though fully set forth herein.

92.     DEFENDANT UNKNOWN BUS DRIVER owed a duty of care to G.H.J.

93.     DEFENDANT UNKNOWN BUS DRIVER owed a duty of care to the PLAINTIFF.

94.     DEFENDANT UNKNOWN BUS DRIVER, by allowing Chastity Williams to take G.H.J. off of the school bus, breached the duty of care owed to G.H.J.

10

95.    DEFENDANT UNKNOWN BUS DRIVER, by allowing Chastity Williams to take G.H.J. off of the school bus, breached the duty of care owed to the PLAINTIFF.

96.    The acts and/or omissions of DEFENDANT UNKNOWN BUS DRIVER proximately caused the injuries sustained by the PLAINTIFF and G.H.J., and they suffered damages.

WHEREFORE, the PLAINTIFF demands judgment against DEFENDANT UNKNOWN BUS DRIVER, and such other additional relief as this Court deems equitable and just.

### COUNT V
#### *Respondeat Superior*
**(DEFENDANT FIRST STUDENT, INC.)**

97.    PLAINTIFF restates and re-alleges paragraphs 1-96 as though fully set forth herein.

98.    DEFENDANT FIRST STUDENT, INC., is the employer of DEFENDANT UNKNOWN BUS DRIVER alleged above.

99.    The aforesaid acts of DEFENDANT UNKNOWN BUS DRIVER were committed within the scope of his employment and, therefore, DEFENDANT FIRST STUDENT, INC., as principal, is liable for the actions of its agent under the doctrine of *respondeat superior*.

WHEREFORE, should DEFENDANT UNKNOWN BUS DRIVER, in his individual capacity, be found liable for any of the alleged counts in this cause, PLAINTIFF demands that, pursuant to the doctrine of *respondeat superior*, DEFENDANT FIRST STUDENT, INC., pay any judgment obtained against DEFENDANT UNKNOWN BUS DRIVER.

### JURY DEMAND

PLAINTIFF demands trial by jury.

11

Respectfully submitted,

**s/ Jeffrey C. Grossich**
One of the Plaintiff's Attorneys

Blake W. Horwitz, Esq.
Jeffrey C. Grossich, Esq.
The Blake Horwitz Law Firm, Ltd.
111 W. Washington St., Ste. 1611
Chicago, IL 60602
Phone: (312) 676-2100
Fax: (312) 445-8741